**\*\*E-filed 7/13/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KENT WARD,<br><br>    Plaintiff,<br>  v.<br><br>EQUILON ENTERPRISES, LLC, SHELL OIL PRODUCTS COMPANY, LLC, and DOES 1 to 50, inclusive,<br><br>    Defendant.<br>_____/ | No. C  09-4565 RS<br><br>**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S DETERMINATION** |

## I. INTRODUCTION

Defendants Equilon Enterprises, LLC and Shell Oil Products Company, LLC (collectively "Equilon") have filed an objection to the referral Magistrate Judge's Order denying Equilon's Motion for a Protective Order to limit and strike portions of the deposition of Daniel Buckner and to prohibit plaintiff's discovery of Equilon's Root Cause Analysis ("RCA") investigation and attendant report.  For the reasons set forth below, the objection is overruled.

## II. FACTUAL BACKGROUND

Plaintiff Kent Ward filed a complaint alleging general negligence and premises liability against Equilon for work-related injuries suffered on December 20, 2007.  At the time, Ward was an

employee of Timec, Inc. ("Timec"), a contractor hired by Equilon. On December 21, 2007, Equilon retained defense counsel's law firm to assist it in conducting a RCA investigation and preparing the attendant report, and purportedly to provide Equilon's management with outside counsel's legal opinion and advice as to any action that should be taken to respond to anticipated litigation and regulatory action. The RCA investigation and report were also conducted in compliance with Cal-OSHA requirements codified in California Code of Regulations, Title 8, section 5189 and Shell Oil Products' Illness and Injury Prevention Program ("IIPP"). Section 5189(m) provides that if the incident involves the work of a contractor, the incident investigation team must include a contract employee. Buckner was included in the RCA investigation team as Timec's "Site Safety Supervisor" at the refinery. Cal. Code Regs. tit. 8, § 5189(m) (2011).

During Buckner's deposition, Ward's counsel asked numerous questions going to Buckner's involvement in and knowledge of the RCA investigation and report. Equilon's counsel objected to the line of inquiry, claimed protection under attorney-client privilege and the work product doctrine, suspended the deposition under Rule 30(b)(3) of the Federal Rules of Civil Procedure, and arranged for a telephonic conference with the undersigned to resolve the question of privilege. Ward's counsel was advised to move on to other subjects until this issue was presented by motion.

### III. LEGAL STANDARD

A District Court may set aside or modify a Magistrate Judge's ruling on a non-dispositive matter only if the order is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); *Bahn v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). When the facts asserted in support of and in opposition to a motion to compel discovery are in conflict, the court's factual findings will be upheld if they are supported by substantial evidence. *See, e.g., Costco Wholesale Corp. v. Superior Court*, 47 Cal. 4th 725, 733 (2009).

### IV. DISCUSSION

A. <u>Attorney-Client Privilege</u>

The Magistrate Judge found that the RCA investigation and report do not qualify under California law as privileged, confidential communications between Equilon and its attorneys.

2

Because the underlying claim is predicated on state law, the question of privilege is controlled by California law. *See In re California Public Util. Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989). According to California Evidence Code section 911, "[e]xcept as otherwise provided by statute: . . . (c) [n]o person has a privilege that another shall not be a witness or shall not disclose any matter or shall not produce any writing, object, or other thing." California Evidence Code section 954 does, in turn, confer a privilege on a client "to refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer . . . ." A confidential communication between client and lawyer is defined as "information transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship." Cal. Evid. Code § 952.

The Magistrate Judge found that the communication was not privileged, both because third-party Buckner's presence was not "reasonably necessary for the transmission" of counsel's legal advice to Equilon, and also because the "dominant purpose" of the RCA investigation and report was compliance with Cal-OSHA regulations and Equilon's own IIPP, and not in anticipation of this litigation. The threshold finding that Buckner's presence destroyed any privilege is determinative here. Specifically, the Magistrate Judge found that Equilon presented no evidence that Buckner's presence was reasonably necessary for Equilon's claimed purpose of seeking legal advice from its attorneys.

Equilon argues Buckner's role and knowledge as Timec's highest ranking safety employee regularly on site made his presence essential to the RCA investigation into the causes of the incident. Below, Equilon cited *San Francisco v. Superior Court* for support. 37 Cal. 2d 227, 234 (1951). There, a plaintiff's attorney hired a doctor to examine the client and then relay his physical and mental condition. The Court held that because the doctor acted as an intermediary agent for

communication between the plaintiff and his attorney, these communications were privileged. The Magistrate Judge, responding to an analogous argument advanced by Ward, disagreed. Even if Buckner's presence was required by Cal-OSHA regulations and by defendant's own IIPP, the Magistrate Judge found that "defendants offer no evidence that Mr. Buckner's presence was reasonably necessary for defendants' claimed purpose of seeking *legal advice from their attorneys*." Order at 13-14 (emphasis added). Moreover, the Magistrate Judge also found that the testimony Equilon seeks to prohibit and strike involves "the RCA team's analysis and conclusions as to the cause of the incident" and not "any legal opinions, conclusions or strategies" potentially contained within the report. *Id.* at 13. In other words, it may be true that Buckner's presence was required to comply with Cal-OSHA regulations and the IIPP, but the court below found no evidence that Buckner was necessary to obtain advice regarding the impending litigation.

As a general rule, moreover, "the forwarding to counsel of non-privileged records, in the guise of reports, will not create a privilege with respect to such records and their contents where none existed theretofore." *Greyhound Corp. v. Superior Court*, 56 Cal. 2d 355, 397-98 (1961). Where witnesses "[do] not intend their remarks to be confidential," and "[are] not in any sense parties to an attorney-client relationship," the California Supreme Court has held that "[t]o attach privilege to the facts and matters which they voluntarily divulged to petitioner's investigators would run contra to the rule . . . [that] no new or common law privilege can be recognized in the absence of express statutory provision." *Id.* at 398. This holds true regardless of whether the witnesses interviewed during the RCA investigation were independent contractors or Equilon's own employees. "When an employee has been a witness to matters which require communication to the corporate employer's attorney, and the employee has no connection with those matters other than as a witness, he is an independent witness," and the fact that he may be required to make a statement to the company's attorneys "does not alter his status or make his statement subject to the attorney-client privilege." *D. I. Chadbourne, Inc. v. Superior Court*, 60 Cal. 2d 723, 737 (1964).

In short, no attorney-client relationship exists between Equilon's counsel and Buckner, Timec, or the witnesses interviewed during the investigation, nor have defendants persuasively

4

challenged the Magistrate Judge's finding that Buckner's presence was not reasonably necessary to obtain the *legal advice of outside counsel*. Equilon's objections are therefore overruled.

### B. Work Product Doctrine

The Court also found that the RCA investigation and report are not subject to work product doctrine protection and are therefore discoverable because: (1) the work product doctrine is not a privilege under California law; (2) the work product doctrine only applies to "documents and tangible things" and is inapplicable to Buckner's testimony regarding the RCA investigation; and (3) the RCA investigation and report are only entitled to *qualified* work product doctrine immunity under the law and are discoverable under the plaintiff's showing of substantial need. Equilon's objections go to the first and third findings. As to the first finding, privilege under the work product doctrine is statutorily provided for under both California Code of Civil Procedure § 2018.030 and Rule 26(b)(3) of the Federal Rules of Civil Procedure. Because the work product doctrine *is* a statutory privilege under California law, work product materials are not automatically discoverable under Rule 26(b)(1). *See* Fed. R. Civ. P. (26)(b)(1).

### i. Absolute versus Qualified Protection

"At its core, the work product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238-39 (1975). California law contemplates two categories of work product doctrine protection. "[W]riting that reflects an attorney's impressions, conclusions, opinions, or legal research or theories is not discoverable under any circumstances," and is granted "absolute" work product protection. Cal. Civ. Proc. Code § 2018.030(a). Other attorney work product receives "qualified" protection and "is not discoverable unless the court determines that denial of discovery will unfairly prejudice the party seeking discovery in preparing that party's claim or defense or will result in an injustice." Cal. Civ. Proc. Code § 2018.030(b). Ward's objection that the Magistrate Judge found that only qualified, as opposed to absolute, work-product protection applied is, however, essentially academic. The Magistrate Judge went on to find that

Equilon waived any privilege entitled to the report by voluntarily disclosing its contents to Buckner. The waiver would apply even if the investigation and report were entitled to absolute protection.

ii. Waiver

Both attorney-client privilege and work product protection may be waived through voluntary disclosure of a communication to a third party. Following California Code of Regulations section 5189, the RCA investigation team included Buckner as a representative of Ward's employer, Timec. *See* Cal. Code Regs. tit. 8, § 5189(m)(3). Ward argues that this inclusion constituted a voluntary disclosure of the RCA investigation and report. California Evidence Code section 912(a) states:

> Except as otherwise provided in this section, the right of any person to claim a privilege provided by Section 954 (lawyer-client privilege) . . . is waived with respect to a communication protected by the privilege if any holder of the privilege, without coercion, has disclosed a significant part of the communication or has consented to disclosure made by anyone.

Because Ward also filed a worker's compensation claim against Timec, Equilon claims that the two companies "anticipate[d] litigation against a common adversary on the same issue or issues," and that the RCA investigation and report remain privileged because the companies had "strong common interests in sharing the fruit of the trial preparation efforts." *See, e.g., United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980). Timec, however, is not a party to this case, and Ward's recovery for his worker's compensation claim is not contingent on a finding of liability for this incident. Accordingly, the Magistrate Judge's finding of no "common interest" between Timec and Equilon must stand, particularly in light of the deferential review required here.

Moreover, Cal-OSHA regulations under California Code of Regulations, Title 8, sections 5189(m)(5) and (m)(8) require the information contained within incident investigation reports to be shared with "all employees and other personnel whose work assignments are within the facility, where the incident occurred at the time the incident occurred." Absent a showing that Equilon conducted a second investigation or that the RCA investigation team generated a second report, Equilon was legally required to provide a copy of the report or communicate its contents to "[people] other than the client who [have] no interest in maintaining the confidentiality of the contents of the writing," and voluntarily waive attorney-client privilege and work product doctrine

6

No. C 09-4565 RS
ORDER OVERRULING OBJECTIONS

protection. *See BP Alaska Exploration, Inc. v. Superior Court*, 245 Cal. Rptr. 682, 695 (Cal. Ct. App. 1988). As the RCA investigation and report did not constitute confidential communications, that material is not protected from disclosure.

## V. CONCLUSION

The Magistrate Judge's finding that Equilon voluntarily waived both attorney-client privilege and work product doctrine protection by voluntarily disclosing the RCA investigation and report to Buckner is not "clearly erroneous" or "contrary to law" and is upheld. Per the parties' stipulation, the parties shall submit a joint stipulation setting forth specific dates on which non-expert and discovery deadlines shall fall. The Case Management Conference scheduled on October 6, 2011 shall be continued to January 26, 2012 at 10:00 a.m. and the parties shall file a Joint Statement at least one week prior to the Conference.

IT IS SO ORDERED.

Dated: 7/13/11

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE